**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000659**
**30-JAN-2015**
**07:54 AM**

NO. CAAP-12-0000659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JUSTIN SHINTANI KUA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DTA-12-00075)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Justin Shintani Kua (Kua) appeals from the Notice of Entry of Judgment and/or Order, filed on June 25, 2012, in the District Court of the Third Circuit, North and South Hilo Division (district court),[1] convicting Kua of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (Supp. 2014).[2]

---

[1] The Honorable Harry P. Freitas presided.

[2] HRS § 291E-61(a) provides:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(continued...)

In the district court, Kua filed a motion to suppress any evidence that was recovered as a result of a non-consensual blood draw conducted pursuant to HRS § 291E-21 (2007). Under this statute, in order for a police officer to obtain a non-consensual blood draw from the operator of a vehicle, there must have been a "collision resulting in injury to or the death of any person[.]" HRS § 291E-21(a) and (c). The district court denied Kua's motion to suppress. Kua thereafter entered a Conditional No Contest Plea and was convicted.

On appeal, Kua contends the district court erred by denying his motion to suppress because there was no evidence of a "collision" within the meaning of HRS § 291E-21, and thus he should not have been subjected to a non-consensual blood draw.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kua's point of error as follows and vacate his conviction.

The district court ruled on Kua's motion to suppress based on stipulated facts filed by the parties. The stipulated facts provide, *inter alia*, that:

1. On or about August 28, 2011, Officer Jensen Rodrigues was dispatched to a major traffic accident on Kanoelehua Avenue and East Kawili Street;

. . . .

3. Upon arrival, Officer Jensen Rodrigues observed a Toyota Tacoma Truck that was overturned onto its side;

---

[2](...continued)
(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

4.   The Toyota Tacoma appeared to have executed a
     left turn from East Kawili Street onto
     Kanoelehua Avenue, lost control and turned onto
     the driver's side of the truck;

5.   The Toyota Tacoma **never** made contact or struck
     any object prior to coming to rest on its side,
     except for the roadway;

6.   Defendant Justin Kua was in the bottom of the
     cab near the driver's side window and was
     observed by Officer Rodrigues to climb out of
     the window of the truck;

. . . .

13.   Defendant was transported to Hilo Medical Center
      by EMS personnel for his injuries;

14.   Defendant was arrested for Operating a Vehicle
      Under the Influence of an Intoxicant and a
      mandatory blood draw was conducted under Hawaii
      Revised Statutes 291E-21[.]

Based on the stipulated facts, there was no evidence that Kua's vehicle collided with another object. State v. Williams, 114 Hawai'i 406, 410, 163 P.3d 1143, 1147 (2007) ("Although single-vehicle accidents may qualify as collisions, in such a case the vehicle must nevertheless 'collide' with another object." (citation omitted)). The State argues that the collision requirement of HRS § 291E-21 was satisfied when Kua's vehicle collided with the road. However, this argument was rejected in State v. Bayly, 118 Hawai'i 1, 12, 185 P.3d 186, 197 (2008). Although Bayly dealt with a different statute, it relied on Williams and is sufficiently analogous.

Without evidence that Kua's vehicle collided with another object, HRS § 291E-21 did not allow for a non-consensual blood draw to be obtained from Kua. Williams, 114 Hawai'i at 411, 163 P.3d at 1148. The district court thus erred in denying Kua's motion to suppress. Id.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on June 25, 2012, in the District Court of the Third Circuit, North and South Hilo Division is vacated and the order denying Kua's motion to suppress is reversed. The case is remanded to the district court with

instructions to grant Kua's motion to suppress and to allow Kua to withdraw his plea pursuant to Hawai'i Rules of Penal Procedure Rule 11(a)(2).

DATED: Honolulu, Hawai'i, January 30, 2015.

On the briefs:

Lianne M. Aoki
Deputy Public Defender
for Defendant-Appellant

Ryan K. Caday
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge